# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 7. Mediation Questionnaire

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s):** 22-15293

**Case Name:** Alexis Hunley, et al v. Instagram, LLC

**Counsel submitting this form:** James H. Bartolomei

**Represented party/parties:** Plaintiffs Alexis Hunley and Matthew Scott Brauer

*Briefly describe the dispute that gave rise to this lawsuit.*

This case is a putative class action seeking to address whether Instagram, the world's largest photo sharing application with more than 50 billion photos uploaded by over one billion Instagram users since 2012, is liable for secondary copyright infringement of third-party website publishers who violated Instagram users' exclusive display rights under the Copyright Act.

Plaintiffs allege that Instagram created a scheme to generate substantial revenue for its parent, Facebook, Inc., by encouraging, inducing, and facilitating third parties to commit copyright infringement using Instagram's "embedding" tool to display copyrighted works of Instagram users on third-party publisher websites. This scheme was used to vastly extend Instagram's reach across the Internet, but without compensating copyright holders or granting third-party website publishers authorization to display Plaintiff's copyrighted works.

Plaintiffs plead that Instagram's conduct related to the embedding of photos on third party websites violates each Plaintiff's respective display right of a copyrighted work and the "server test" found in the Perfect 10 case should not apply to a social media company. The "server test" should be limited to search engines such as Google.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**      1      Rev. 12/01/2018

*Briefly describe the result below and the main issues on appeal.*

> Instagram filed a motion to dismiss arguing that it cannot held liable for display right violations and infringement under the Copyright Act because third parties that embed a photo from Instagram onto a third party website do not store or hold a copy of photo on their servers, only Instagram does. Therefore, the "server test" applies, a 15 year old judicially created legal doctrine that is was as a complete defense to a violation of the display right.
>
> Plaintiffs opposed the 12b6 motion arguing that the "server test" does should not apply to social media companies and the "server test" is inconsistent with the plain language of Copyright Act. The District Court granted the motion to dismiss, citing Perfect 10 v. Google, a 2007 9th Circuit case that held that if an alleged infringer does not hold a physical copy of a copyrighted work, then it cannot be liable for a display right infringement.
>
> The District Court noted that it was bound by Perfect 10, but did suggest that Plaintiffs challenge the "server test," doctrine on appeal. Plaintiffs have appealed and will argue that the "server test" should not apply to social media platforms which are not search engines (such as Google) that display copyrighted works without authorization from the copyright holders. Plaintiffs also will argue that the "server test" is inconsistent with the plain statutory language of the Copyright Act.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

> None.

**Signature** | s/James H. Bartolomei | **Date** | March 8, 2022

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**      *2*      Rev. 12/01/2018